UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEGACY PRODUCTIONS LIMITED, a New Zealand Company,<br><br>                 Plaintiff,<br><br>v.<br><br>U2 HOME ENTERTAINMENT, INC., a California corporation d/b/a TAI SENG ENTERTAINMENT, and DOES 1 through 100,<br><br>                 Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff Legacy Productions Limited, by and through its attorneys John E. Grant and Imua Legal Advisors, and alleges as follows:

**PARTIES**

1.    Plaintiff Legacy Productions Limited ("Legacy") is a New Zealand company doing business internationally, including Japan, Australia, Hong Kong, and the United States. Specifically, Legacy owns and distributes the film <u>Bruce Lee's Jeet Kune Do</u> (the "Film" or "Work"), which is the intellectual property that is at issue in this lawsuit.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

**IMUA LEGAL ADVISORS**
1752 NW MARKET ST., # 211
SEATTLE, WA 98107
TEL 206-903-8182  FAX 206-903-8183

2. Upon information and belief, Defendant U2 Home Entertainment d/b/a Tai Seng Entertainment ("Tai Seng") is a California corporation with its principal place of business at 170 South Spruce Avenue, Suite 200, South San Francisco, California, 94080.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of all defendants sued herein as DOES 1 through 100, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek leave of the Court to amend this Complaint to state their true names and capacities when the same have been ascertained. Upon information and belief, Legacy believes that said defendants are liable to Plaintiff as a result of their participation in, or control of, all or some of the acts hereinafter set forth.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement, falsification of copyright management information, removal or alteration of copyright management information, and common-law Lanham Act violations.

5. Legacy is an alien plaintiff.

6. The Court has original subject matter jurisdiction over this action pursuant to the provisions of the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. § 101 *et seq*, 28 U.S.C. §§ 1338 (a) and (b), and 28 U.S.C. § 1331 (federal question).

7. The Court has personal jurisdiction over the Defendant, who has sufficiently continuous, systematic, and routine contacts with Washington to establish such jurisdiction. Wrongful acts of the Defendant alleged herein occurred in and caused injury to Legacy in Washington.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

8. Venue in Federal District Court for the Western District of Washington is proper pursuant to 28 U.S.C. § 1391(b)(2).

**BACKGROUND**

9. Plaintiff Legacy is in the business of producing and distributing films, including the documentary film, <u>Bruce Lee's Jeet Kune Do</u>. The Film is premium product and a one of a kind work, featuring the only known footage of Bruce Lee describing his groundbreaking Jeet Kune Do philosophy of mixed martial arts.  Mr. Lee is a celebrated cultural icon around the world and his image is instantly recognizable.

10. The Film was produced in cooperation with and under license from the Estate of Bruce Lee.

11. The Film is the subject of copyright protection under the laws of the United States. Legacy registered the Work with the United States Copyright Office and received copyright certificate # PA-827-004, effective July 28, 1996. The Film contains a copyright notice in its opening credits showing Legacy as the copyright holder, and such copyright notice is also present on the cover of previously authorized reproductions of the Film. Attached hereto as Exhibit A is a correct and true copy of the copyright registration.

12. Upon information and belief, Tai Seng is the largest independent home entertainment distributor in the United States. Tai Seng imports and distributes products theatrically, on home video, via the Internet, and via satellite or cable broadcast. Tai Seng also uses the www.taiseng.com, www.sina.com, and www.yesasia.com websites to distribute its products directly to consumers.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

13. On or around July 1, 2009, Legacy discovered that a low quality DVD version of the Film had been created, reproduced, imported into the United States, and sold without authorization.

14. Upon information and belief, on an as yet unknown date, Tai Seng and/or its agents caused to be created and reproduced, without any authorization, a DVD version of the Film by Modern Audio Ltd., a Hong Kong company.

15. Upon information and belief, on an as yet unknown date, Tai Seng and/or its agents caused to be imported or continues to cause to be imported into the United States, without any authorization, a DVD version of the Film.

16. Upon information and belief, Tai Seng has caused at least 10,265 DVD copies of the Film to be created, reproduced, and imported into the United States.

17. After causing the Film to be created, reproduced, and imported into the United States without authorization, Tai Seng, also without authorization, distributed within the United States the Film that Legacy had previously registered with the United States Copyright Office.

18. Upon information and belief, Tai Seng has sold at least 9,982 DVD copies of the Film in the United States to its direct financial benefit. Tai Seng sold and distributed copies of the Film through its website, www.taiseng.com; made available and offered to sell additional copies of the Film directly through its website; distributed the Film directly to third party distributors and retailers; and made the Film available to third party distributors and retailers for further distribution.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

19. On September 10, 2009, Tai Seng listed the Film for sale on its website and sold an unauthorized DVD copy of the Film to a resident of Washington. The order number associated with this sale is 00029246. Attached hereto as Exhibit B is a correct and true copy of the sales receipt.

20. On information and belief, Tai Seng has sold and distributed an additional, yet-to-be determined number of copies of the Film in Washington, either directly to consumers, through third party distributors and retailers, or both.

21. The Defendant's unauthorized importation, reproduction, and distribution have caused Legacy to suffer damages in Washington.

**FIRST CAUSE OF ACTION—COPYRIGHT INFRINGEMENT**

22. Plaintiff Legacy incorporates paragraphs 1 through 21 above, as though fully set forth herein.

23. Legacy holds a valid and exclusive copyright to the Work that is the subject of this action and that is evidenced by its copyright registration certificate.

24. As set forth above, despite the copyright notice in the opening credits of the Film and on the product packaging of authorized and unauthorized copies of the Film, Defendant willfully caused copies of the Film to be reproduced, willfully imported copies of the Film, and willfully distributed copies of the Film, all without Legacy's authorization.

25. Despite receiving formal notice of copyright infringement at least as early as August 13, 2009, Defendant willfully continued to distribute copies of the Film though at least September 16, 2009.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

26. The actions and conduct by Defendant as described above infringe upon Legacy's exclusive rights granted under 17 U.S.C. § 106 to reproduce and distribute the registered copyrighted Work to the public, and upon Legacy's exclusive rights granted under 17 U.S.C. § 602 to import copies of the Work into the United States.

27. Such actions and conduct constitute copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 602(a).

28. As a result of the copyright infringement described above, Legacy is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

## SECOND CAUSE OF ACTION—FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

29. Plaintiff Legacy incorporates paragraphs 1 through 28 above, as though fully set forth herein.

30. By causing to be placed or placing its name and logo in the form of a sticker on unauthorized copies of the Film that it distributed, Defendant knowingly and with the intent to enable, facilitate, or conceal infringement, provided false copyright management information and distributed and imported for distribution copyright management information that is false.

31. Such actions and conduct constitute the falsification of copyright management information under 17 U.S.C. § 1202(a).

32. As a result of the falsification of copyright management information as described above, Legacy is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

## THIRD CAUSE OF ACTION—REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

33. Plaintiff Legacy incorporates paragraphs 1 through 32 above, as though fully set forth herein.

34. By causing to be placed or placing its name and logo in the form of a sticker on unauthorized copies of the Film that it distributed, Defendant, without authority, intentionally removed or altered copyright management information; distributed and imported for distribution copies of the Film knowing that copyright management information had been removed or altered; and did so knowing or having reasonable grounds to know that its actions will induce, enable, facilitate, or conceal an infringement.

35. Such actions and conduct constitute the removal or alteration of copyright management information under 17 U.S.C. § 1202(b).

36. As a result of the removal or alteration of copyright management information as described above, Legacy is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

## FOURTH CAUSE OF ACTION—LANHAM ACT VIOLATIONS

37. Plaintiff Legacy incorporates paragraphs 1 through 36 above, as though fully set forth herein.

38. By printing Legacy's name or symbol on the physical packaging of the unauthorized DVD, Defendant led consumers to believe that the unauthorized DVD version was originated by, sponsored by, or approved of by Legacy.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

39. By using Legacy's name or symbol on the physical packaging of the unauthorized DVD, Defendant led other distributors to believe that the unauthorized DVD version was originated by, sponsored by, or approved of by Legacy.

40. As a direct and proximate result of Defendant's violations of the Lanham Act, Legacy has been irreparably damaged and will continue to be damaged if said acts are allowed to continue.

41. Such actions and conduct constitute falsification of designation of origin and false description under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

42. As a result of the Lanham Act violations as described above and subject to the principles of equity, Legacy is entitled to relief including, but not limited to, injunctive relief, Defendant's profits, actual damages, statutory costs and attorneys' fees, and prejudgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Legacy prays for the following relief:

1. On the First Cause of Action, for an award of Defendant's profits and for actual damages in such amount as may be found, or for statutory damages of not less than $750 or more than $30,000 per copy pursuant to 17 U.S.C. § 504(c)(1). Alternatively, for an award of up to $150,000 upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2). And for an order permanently enjoining Defendant from infringing Plaintiff's copyrighted film pursuant to 17 U.S.C. § 502 and for an award of costs and attorney's fees pursuant to 17 U.S.C. § 505.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8

2. On the Second Cause of Action, for an award of Defendant's profits and for actual damages in such amount as may be found, or for statutory damages of not less than $2,500 or more than $25,000 per violation pursuant to 17 U.S.C. § 1203(c)(3)(b). And for an order permanently enjoining Defendant from falsifying Plaintiff's copyright management information pursuant to 17 U.S.C. § 1203(b)(1) and for an award of costs and attorney's fees pursuant to 17 U.S.C. §§ 1203(b)(4)-(5).

3. On the Third Cause of Action, for an award of Defendant's profits and for actual damages in such amount as may be found, or for statutory damages of not less than $2,500 or more than $25,000 per violation pursuant to 17 U.S.C. § 1203(c)(3)(b). And for an order permanently enjoining Defendant from removing or altering Plaintiff's copyright management information pursuant to 17 U.S.C. § 1203(b)(1) and for an award of costs and attorney's fees pursuant to 17 U.S.C. §§ 1203(b)(4)-(5).

4. On the Fourth Cause of Action, for an award of Defendant's profits and for actual damages in such an amount as may be found, as well as costs and attorney's fees, pursuant to 15 U.S.C. § 1117(a).

5. For prejudgment interest on the amount of the award to Plaintiff;

6. And for such other and further relief as the Court deems equitable, proper, and just.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

IMUA LEGAL ADVISORS
1752 NW MARKET ST., # 211
SEATTLE, WA 98107
TEL 206-903-8182  FAX 206-903-8183

DATED: December 22, 2009

            IMUA LEGAL ADVISORS

            by  /s/ John E. Grant
            John E. Grant, WSBA #39539
            Attorneys for Plaintiff,
            T: 206-903-8182
            F: 206-903-8183
            E: john@imualaw.com

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 10

1
2
3                              EXHIBIT A
4                    COPYRIGHT CERTIFICATE PA-827-004
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 11

**CERTIFICATE OF REGISTRATION**



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM PA**
For a Work of the Performing Arts

PA 827-004

EFFECTIVE DATE OF REGISTRATION
July 28, 1996
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
BRUCE LEE'S JEET KUNE DO

PREVIOUS OR ALTERNATIVE TITLES ▼
N/A

NATURE OF THIS WORK ▼ See instructions
Instructional video program of one hours duration

**2 a** NAME OF AUTHOR ▼
LEGACY PRODUCTIONS Limited (New Zealand)

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
    { Domiciled in ▶ Australia

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☑ No
Pseudonymous? ☐ Yes  ☑ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
OR { Citizen of ▶
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
OR { Citizen of ▶
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1995 ◀ Year In all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Month ▶ September  Day ▶ 15  Year ▶ 1995
United States of America ◀ Nation

**4 a** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
LEGACY PRODUCTIONS Limited (New Zealand)
PO BOX 134
KENTHURST NSW 2156 AUSTRALIA

APPLICATION RECEIVED
JAN 06 1997
ONE DEPOSIT RECEIVED
July 28, 1996
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**b** TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY DBETAP

CHECKED BY

☒ CORRESPONDENCE Yes

FORM PA

FOR COPYRIGHT OFFICE USE ONLY

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼ _____  Year of Registration ▼ _____

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

    some words, photographs and footage.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

    all other cinematographic material

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                                Account Number ▼

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

    LEGACY PRODUCTIONS LIMITED
    PO BOX 134
    KENTHURST    NSW    2156
    AUSTRALIA

b

Area Code and Daytime Telephone Number ▶                                Fax Number ▶

**7**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

    Walt MISSINGHAM                                Date ▶ 27 Dec 1996

👉 Handwritten signature (X) ▼

    [signature: Walt Missingham]

**8**

---

Mail certificate to:

Name ▼
    LEGACY PRODUCTIONS LIMITED
Number/Street/Apt ▼
    PO BOX 134
City/State/ZIP ▼
    KENTHURST    NSW    2156    AUSTRALIA

Certificate will be mailed in window envelope

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

September 1995—100,000    ♻ PRINTED ON RECYCLED PAPER                    ☆U.S. GOVERNMENT PRINTING OFFICE: 1995-387-237/20,024

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | EXHIBIT B |
| 4 | SALES RECEIPT # 00029246 FROM TAISENG.COM |
| 5 | DATED SEPTEMBER 10, 2009 FOR <u>BRUCE LEE'S JEET KUNE DO</u> |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 14

9/10/2009          Tai Seng Entertainment



MEMBER OPTIONS User: Sean Walsh | Home | Movie Trailers | Special And Sales | Contest | About Tai Seng | Help

Your order confirmation number is:

## 00029246

You will recieve confirmation E-mail in just a few moments. You can print out a copy of this page for your records.

Thank you for choosing Tai-Seng Entertainment.

**Bill To:**
Sean Walsh
5510 Kinney Rd SW
Olympia WA 98512
US

**Ship To:**
Sean Walsh
5510 Kinney Rd SW
Olympia WA 98512
US

**THANK YOU FOR YOUR PURCHASE!**
ORDER NUMBER: 00029246



Bruce Lee's Jeet Kune Do    $11.96   QTY: 1   **$11.96**

TOTAL: **$11.96**
TAX: **$0.00**
Selected Method: UPS Standard     SHIPPING: **$7.00**
GRAND TOTAL: **$18.96**

## TAI SENG PRODUCT GUARANTEE:

If you should receive a video that is defective or improperly manufactured, return it to us with a copy of the invoice and an explanation of the defect within 30 days and it will be replaced with an acceptable copy of the same title. Products are not exchangeable. Tai Seng reserves the right to impose a restocking fee on titles returned that are not defective.

9/10/2009                               Tai Seng Entertainment

Copyright 2006 Tai Seng Entertainment
Privacy Policy